**BIEBER v RIEBEL et**

Common Pleas Court, Delaware Co.

Nos. 11068 & 11070. Decided August 15, 1939.

H. Lloyd Jones, Prosecuting Attorney, Delaware, for plaintiff.

F. M. Marriott, Delaware, for defendants.

**OPINION**

By WICKHAM, J.

These cases present identical questions and will be treated together.

In each case the County Treasurer commenced an action in this Court on June 19, 1931, for foreclosure of delinquent tax lien, and on August 1st, 1931, a finding and judgment was entered in favor of the plaintiff in No. 11068 in the amount of $336.50 and costs, and in No. 11070 in the amount of $1210.26 and costs, for the satisfaction of which the premises were ordered sold, the property involved in No. 11068 being sold by the Sheriff at public auction September 12, 1931, for $1000.00, and that involved in No. 11070 being sold by the Sheriff at public auction September 1, 1931, for $2300.00.

On September 22, 1931, each of the above sales were duly confirmed by this Court, and in case No. 11068 the Sheriff was ordered to pay and distribute the proceeds of the respective sales as follows:

First: To the Clerk of this Court the costs of this action amounting to $48.93; second to the Treasurer of this county, the taxes, assessments, penalty and interest thereon found due against the premises, to-wit, the sum of $336.50; and third, to distribute the balance according to law.

In case No. 11070 the purchase price of $2300.00 was ordered distributed first to the Clerk of this Court, the costs of this action in the sum of $84.73; second

to the Treasurer for the taxes, assessments, penalty and interest heretofore found due against the premises the sum of $1210.26; and third, to distribute the balance according to law.

Upon receipt of the purchase prices above mentioned the Sheriff deposited them with other funds belonging to him as Sheriff in The Deposit Banking Company of Delaware, Ohio, and this bank was taken over for liquidation by the Superintendent of Banks for Ohio October 20, 1931, before the Sheriff had complied with the foregoing order.

From time to time thereafter dividends have been paid by the liquidators of the bank to the extent of one hundred per cent of the deposit made therein, and said dividends have been pro rated, as received, to the court costs, finding and judgment for taxes, and amount of balance due the former landowners, as each dividend has been received.

In other words, instead of the amount of each dividend wholly going first to the first item mentioned in the order of distribution until that was paid in full, and so on according to the order of priority mentioned in the order, the first dividend of fifty five per cent was distributed as follows: To the Clerk fifty-five per cent of the court costs ordered paid, to the Treasurer fifty-five per cent of the amount found due for taxes, and so forth, and to the attorney for the defendants fifty-five per cent of the surplus due the former property owners. Each succeeding dividend by the Bank was apportioned in the same manner.

Upon final liquidation of the bank there was received not only one hundred per cent of the original amount of deposits, but interest on the deposit in the amount of 17.4 per cent, or, in case No. 11068, the amount of $174.00, and in case No. 11070 the amount of $400.20.

This matter is now before this Court on the motion of the attorney for the defendants to distribute this entire sum to the defendants and allow none of it to the Clerk or Treasurer for interest on court costs or taxes.

Sec. 8305, GC provides that when money becomes due and payable upon any judgment, decree and order of any judicial tribunal for the payment of money, the creditors shall be entitled to interest at the rate of six per cent per annum.

Sec. 3026, GC provides that on the rendition of judgment, in any cause, the costs of the party recovering, together with his debt or damages shall be carried into his judgment.

In **Emmitt v Brophy, 42 Oh St 82**, the Supreme Court considered the question of whether costs bear interest, and in the fourth syllabus said:

"In an action to recover the amount of a judgment theretofore rendered, the plaintiff is entitled to recover interest upon the costs adjudged to him from the date of the original judgment to the time of recovery."

In delivering the opinion of the Court Judge Owen reviewed the history of the statutes and concluded that:

"Where a party or other person is entitled to costs in any judicial proceeding which have been adjudged, ordered to be paid, or for the collection of which execution is authorized, he is entitled to interest thereon from the date of the judgment or order, or from the time when execution is first authorized."

It would therefore appear that not only does the finding and judgment in favor of the plaintiff for the amount of taxes bear interest at the legal rate of six per cent by virtue of §8305, GC, but that, by virtue of §3026, GC the costs, being carried into the judgment, also bear interest at the same rate.

For further guidance in this matter is **Eshelby v Board of Education, 66 Oh St 71**, where the Supreme Court held that interest paid by a bank on school funds deposited by a City Treasurer and ex-officio treasurer of the school funds, belong not to the treasurer individually but to the school district. On page 74 Judge Schauck delivering the opinion of the Court said:

"Since the funds belong to the School District the ultimate question in the case is answered in favor of the defendant in error by the elemetary proposition that in the absence of a statute or stipulation to the contrary the increment follows the principal."

See also **Carr v Doan Savings & Loan Co., 112 Oh St 519**; 147 N. E. 641; 40 A. L. R. 819, where Judge Allen, rendering the opinion of the Court said:

"The rules are based upon the fact that interest is the compensation allowed by law, or fixed by the parties for the use or forbearance of money, or as damages for its detention."

Defendants rely on **Union Trust Co. v Cleveland Allotment Company, 35 Oh Ap 549**, where it is held that on Sheriff's sale interest on the judgment runs only to the date of sale. This case, however, involved a question of the claims of conflicting lien holders, and merely holds that interest does not run after the day of sale in favor of a senior lien as against a junior lien. It is not authorty for a case such as we have here where the contest is between the judgment creditor and the judgment debtor. Defendants also cite §5719 GC which provides that in tax foreclosure cases a finding shall be entered of the amount of taxes and assessments due, and that, from the proceeds of the sale, the taxes, assessments, penalties, interest and charges. shall be paid and shall be deemed satisfied thereby though the amount applicable thereto is deficient. This means no more than that there can be no deficiency personal judgment for taxes and assessments in Ohio.

The defendants claim that the money has always belonged to them even after the order of distribution was made, and that until it was actually applied to the court costs and taxes it was their money and drawing interest for them. If this be so, then there was no reason why the original dividends from the bank should have been apportioned. They should have been all applied first to the court costs until they were satisfied in full, then to the taxes until satisfied in full, and then to the balance that was ordered distributed according to law.

I believe that the orders of distribution made September 22, 1931, fixed the rights of all parties in the respective funds as of that time, and that the interest available follows the principal as indicated in the Eshelby case. That is the way each succeeding dividend has been treated, without objection by the defendants, and has now become the law of this case.

Defendants make much of the fact that the Clerk of Courts and Treasurer have no account on their books for this interest. There is nothing to this contention. If the interest is due them as a matter of law, they are entitled to it, and if not, no amount of bookkeeping by them could bring it their way.

The motions of the defendants are overruled at defendants' costs.